

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4232
Re: Whether the subject con-
tract would violate item
600 of the Railroad Com-
mission's Motor Common
Carrier Tariff.

Permit us to quote your recent letter requesting a
legal opinion from this department. It reads:

"I enclose to you herewith a letter from
the Honorable Frank H. Rawlings, dated November
21, addressed to the Railroad Commission of
Texas to which letter is attached a contract
between Dan Long, on the one hand, and common
carrier truck lines, on the other hand, under
the terms of which contract Dan Long drays
freight in Fort Worth to and from the docks
of the common carrier truck lines.

"Item 600 of the Railroad Commission's
Motor Common Carrier Tariff forbids any common
carrier truck line to pay any consignor or any
consignee or the agent of any consignor or the
agent of any consignee any money for draying
freight to and from the docks of the common car-
rier truck line.

"Your opinion is respectfully requested on
the questions propounded to us by Mr. Rawlings.

"As a part of the facts, you may assume
that Mr. Dan Long is regularly employed by the

> Carpenter Paper Company of Fort Worth and that
> it is his special duty to do this drayage work
> for said company."

Briefly, the contract form submitted is designed as one between Dan Long, doing business under the trade name of Long Cartage Company, and a motor common carrier, whereunder the carrier agrees to pay Dan Long certain sums of money for draying freight in the City of Fort Worth to and from the docks of the common carrier truck lines.

The question submitted is whether the execution and observance of the contract by Mr. Long and the common carrier would constitute a violation of item 600 or any other regulation of the Railroad Commission.

You have described the application of item 600 in your letter to us, quoted above.

We are advised that no other specific rule or regulation of the Commission is applicable.

Item 600 is not violated by any contractual relationship, in the particulars under review, between the common carrier truck lines and an independent contractor divorced entirely from any consignor or consignee.

Item 600 would be violated by such a contractual relationship if as a factual matter the consignor or consignee received payment directly or indirectly thereunder; in other words, if the agreement were a subterfuge, a simulated transaction.

The fact, alone, that Dan Long is regularly employed by the Carpenter Paper Company, a consignor or consignee, does not, of itself, condemn the transaction. If, however, Dan Long as the Long Cartage Company is in fact the agent of the Carpenter Paper Company, and directly or indirectly acts as such in the execution or carrying out of the contract, item 600 would be violated.

It is apparent, that such an arrangement adapts itself easily to a fraud upon item 600 promulgated by the Commision. For it not to do so would require that the entity of Long Cartage Company be entirely independent of the Carpenter

Paper Company and of Dan Long as an employee or agent of the Carpenter Paper Company in other respects.

Under the facts submitted, the question cannot be answered categorically. It is our opinion, however, that the approval or rejection of the proffered contract is a matter addressed to the discretion of the Railroad Commission, to be exercised in the light of the facts recited in your letter, together with other facts which may be in the possession of the Commission or which might become known to the Commission in any investigation of the matter.

We are returning herewith the enclosures accompanying your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:db

Enclosures